RICHARD LLOYD SHERMAN, ESQ., SB#106597
*richard@shermanlawgroup.com*
ABHAY KHOSLA, ESQ., SB#223555
*abhay@shermanlawgroup.com*
SHERMAN LAW GROUP
9454Wilshire Blvd., Suite 850
Beverly Hills, California 90212
Telephone: (818) 879-9700
Facsimile: (818) 879-9680

Attorneys for Plaintiff
**JONATHAN KLAY**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
David M. Lester          State Bar No. 119966
     David.Lester@aalrr.com
Erin Cazares M. Sanzo     State Bar No. 348404
     Erin.CazaresMSanzo@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendant
**THE BUCKLEY SCHOOL**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN KLAY**, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>**THE BUCKLEY SCHOOL**, a California domestic non-profit corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | **Case No. 2:25-CV-05167-MRA (AGRx)**<br><br>*Hon. Monica Ramírez Almadani, presiding*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>State Complaint Filed: May 7, 2025<br><span style="color:red">NOTE CHANGES MADE BY COURT</span> |

1

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

Plaintiff Jonathan Klay ("*Plaintiff*") and Defendant The Buckley School ("*Defendant*"), by and through their respective counsel, hereby agree and stipulate to the following Protective Order ("*Order*"):

1.    A. **PURPOSES AND LIMITATIONS**

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information (including private information as to incidents involving Defendant's minor students) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

The parties anticipate, intend, and in this order agree that regarding documents containing confidential names of individuals, including minors, the Designating Party will produce a copy that is unredacted, and designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order. Should the Receiving Party wish to disclose the documents marked as "CONFIDENTIAL" to any person other than those permitted in Section 7.2 below, the Receiving Party shall redact the confidential names of individuals identified in said documents, including solely the first initials of the relevant names visible on such documents.

///

---

2

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

### B. **GOOD CAUSE STATEMENT**

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, including, but not limited to confidential and private information pertaining to non-party minors, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.    **DEFINITIONS**

2.1    Action:    The instant action:  *Jonathan Klay v. The Buckley School, USDC Case No. 2:25-CV-05167-MRA (AGRx)*.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record (as well as their paralegals).

2.5    Designating Party:  a Party or Non-Party that designates information or items    that    it    produces    in    disclosures    or    in    responses    to    discovery    as

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

"CONFIDENTIAL".

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this Action, including Outside Counsel of Record (and their paralegals).

2.12    Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

4

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

## 3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

## 4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications

STIPULATION FOR PROTECTIVE ORDER
55743416.1/006324.00006

for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated, in good faith, before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

6

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

"CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions ~~or other pretrial proceedings~~, that the Designating Party (i) identifies on the record, before the close of the deposition, ~~hearing, or other proceeding~~, as protected testimony or (ii) or within sixty days following receipt of the transcript. In circumstances where portions of the testimony are designated for protection, the transcript pages containing protected testimony may be separately bound by the reporter, who must affix to the top of each page the legend "CONFIDENTIAL" as instructed by the Designating Party.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL".  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) As set forth above, for documents containing confidential names of individuals, including minors, the Designating Party will produce a copy that is unredacted, and designated  "CONFIDENTIAL" pursuant to this Stipulated Protective Order.  Should the Receiving Party wish to disclose the documents marked as "CONFIDENTIAL" to any person other than those permitted in Section 7.2 below, the Receiving Party shall redact the confidential names of individuals

7

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

identified in said documents, including solely the first initials of the relevant names visible on such documents.

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. A party wishing to designate inadvertently produced material shall give written notice within twenty days of discovery of the inadvertent production, together with a further copy of the subject material marked as "CONFIDENTIAL" as provided by this Order. Upon receipt of such Notice, and in the event there is no prompt challenge to the designation, the Party that received the inadvertently produced material shall destroy the previously produced version and all copies thereof and shall retain only the material marked as "CONFIDENTIAL." This provision is not intended to apply to any inadvertent production of material protected by the attorney-client or work product privileges. In the event that this provision conflicts with any applicable law concerning waiver of confidentiality through production, such law shall govern.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 60 days of the initial notice of challenge or within 45 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 60 days (or 45 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging party may file a motion challenging a confidentiality designation at any time that is consistent with the Court's scheduling order if there is good cause for doing

so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

9

55743416.1/006324.00006

Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as paralegals of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation

10

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL", that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to

STIPULATION FOR PROTECTIVE ORDER
55743416.1/006324.00006

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

55743416.1/006324.00006

12.3   Filing Protected Material.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.   If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

55743416.1/006324.00006

materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4. To the extent a Party believes that Protected Material not within the enumerated categories is properly included in the archival file, the Party may file a motion seeking an order regarding proper preservation of such Protected Material. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion.

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED: January___, 2026            **SHERMAN LAW GROUP**

By:
    Richard Lloyd Sherman
    Abhay Khosla
    Attorneys for Plaintiff Jonathan Klay

DATED: January 13, 2026            **ATKINSON, ADELSON, LOYA, RUUD & ROMO**

By:
    David M. Lester, Esq.
    Erin Cazares M. Sanzo, Esq.
    Attorneys for Defendant The Buckley School

STIPULATION FOR PROTECTIVE ORDER
55743416.1/006324.00006

**IT IS SO ORDERED**.


DATED: <u>January 21, 2026</u>          By: _____

                                   Alicia G. Rosenberg
                                   United States Magistrate Judge

16

STIPULATION FOR PROTECTIVE ORDER

55743416.1/006324.00006

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on_____in the case of *Jonathan Klay v. The Buckley School, USDC Case No. 2:25-CV-05167.* I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____[print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

W:\Working\11822\02\W0420824.DOCX v6

17

STIPULATION FOR PROTECTIVE ORDER